UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED, | ) |
| Plaintiff, | ) |
| | ) No. 24 C 6170 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Dyson Technology Limited ("Dyson") filed suit against 104 entities listed in Schedule A to its complaint for allegedly infringing its design patent, U.S. Patent No. D853,642 (the "'642 Patent"), which claims "the ornamental design for a hair styling and hair care apparatus." Doc. 1-1 at 2. On August 5, 2024, the Court entered an *ex parte* temporary restraining order ("TRO"), which prohibited Defendants from selling their allegedly infringing products and froze their assets located in various e-commerce business accounts. Doc. 22. The Court entered a preliminary injunction on August 29, 2024. Doc. 37. On August 30, 2024, Defendants Chumer-US and Heshin-US (the "Moving Defendants") filed motions to dissolve the preliminary injunction. Because Dyson has not carried its burden to show that it is likely to succeed on the merits of its claim against the Moving Defendants, the Court dissolves the preliminary injunction as to the Moving Defendants.

**BACKGROUND**

Dyson designs, manufactures, and distributes hair care products, including the Airwrap. Dyson has obtained various design and utility patents for the Airwrap, as well as a trademark in

the word AIRWRAP. The '642 Patent, at issue in this case, claims "the ornamental design for a hair styling and hair care apparatus," and includes seven figures of that apparatus. The Airwrap commonly has an iron/fuchsia colorway.

The Moving Defendants operate e-commerce stores on Amazon.com and sell the same hair styling product (the "Accused Product"). The Accused Product uses an iron/fuchsia colorway. The Amazon listings for the Accused Product refer to an "auto wrap curling wand" in the product name and an "air wrap curler" in the description. Doc. 63-1; Doc. 63-2. At least two customers who left reviews for the Accused Product described it as a "Dyson Dupe" or "Dyson Airwrap Dupe." Doc. 63-7.

Representative images of the '642 Patent and Accused Product follow:

| '642 Patent Figure 6 (Doc. 1-1 at 10) | Accused Product (Doc. 63-1 at 3) |
|---|---|
|  |  |

After Dyson served the TRO on Amazon on August 6, 2024, Amazon provided Dyson with sales data for Defendants. According to that data, Chumer-US sold at least 191 units of the Accused Product, totaling $26,609.39 in revenue. Heshin-US sold at least 1,492 units of the Accused Product, totaling $172,055.50 in revenue. No money remains restrained in Chumer-US' Amazon account, while $13,961.75 remains restrained in Heshin-US' Amazon account.

## LEGAL STANDARD

In deciding a motion for a preliminary injunction in a patent case, district courts apply Federal Circuit law instead of the law of the circuit in which they sit because the motion "involves substantive matters unique to patent law." *Revision Mil., Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012). "To obtain a preliminary injunction, a party must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest." *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The first two factors—likelihood of success on the merits and irreparable harm—are the most critical in a patent case, and a court may deny a motion for a preliminary injunction if 'a party fails to establish either of the[se] two critical factors.'" *Pressure Specialist, Inc. v. Next Gen Mfg. Inc.*, 469 F. Supp. 3d 863, 868 (N.D. Ill. 2020) (quoting *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994)).

Although the Court already granted Dyson a preliminary injunction, it did so on an *ex parte* basis, under circumstances that closely resembled a TRO, and without the benefit of adversarial briefing. Thus, Dyson bears the burden of persuading the Court that it should not disturb the injunction. *See Jiaxing Zichi Trade Co. v. Yang*, No. 21 C 973, 2021 WL 4498654, at

*3 n.3 (N.D. Ill. Aug. 19, 2021) (citing 42 Am. Jur. 2d Injunctions § 291 ("[W]hen a temporary injunction is issued under circumstances resembling a temporary restraining order, the burden of proof may be on the party seeking the order.")).

## ANALYSIS

The Court focuses on the first requirement for a preliminary injunction, that Dyson show a likelihood of success on its design patent infringement claim. A party commits design patent infringement when it "(1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." 35 U.S.C. § 289. In determining whether infringement occurred, the Court considers whether "an ordinary observer, familiar with prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); *see also Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871) ("[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."). The Court compares the Accused Product to the patented design, not to Dyson's commercial embodiment of that design.[1] *See High Point Design LLC v. Buyer's Direct, Inc.*, 621 F. App'x 632, 642 (Fed. Cir. 2015). In conducting its analysis, the Court considers only the ornamental design, not the functional elements, of the product. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010). The Court analyzes the claimed design as a whole, not "separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed.

---

[1] For this reason, that the Accused Product uses the same iron/fuchsia colorway as the Dyson Airwrap or that customer reviews described the Accused Product as a Dyson "dupe" do not factor into the Court's analysis.

4

Cir. 2015). Finally, it takes into account the prior art when considering the differences between the designs. *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule A*, 52 F.4th 934, 942 (Fed. Cir. 2022).

The Moving Defendants emphasize that the '642 Patent claims a design that includes a "helix/spiral shape along the length of the wand, a segmented handle with visible seams, a sliding switch mechanism that extends along the handle with a noticeable gap, and an ornamental end cap with a perforated design." Doc. 38-1 at 7. The Moving Defendants note that the Accused Product does not include these features and differs in other ways, including having different proportions and a different perforated handle base. Dyson contends that these amount to minor, trivial differences that do not prevent a finding of infringement, with the Moving Defendants focused too much on isolated parts of the design instead of the design as a whole.

The Court, however, agrees with the Moving Defendants that Dyson has not met its burden to show a likelihood of success on its patent infringement claim. The Moving Defendants have pointed to sufficient differences between the '642 Patent's design and the Accused Product to suggest that an ordinary observer would not find the two designs sufficiently similar. While some elements of the Accused Product do bear similarities to the '642 Patent, many of these elements, including, as Dyson admits, the sectioned handle, existed in prior art and so serve merely as background features instead of elements that on their own support a finding of substantial similarity. *ABC Corp. I*, 52 F.4th at 942 ("The shared dominant feature from the prior art will be no more than a background feature of the design, necessary for a finding of substantial similarity but insufficient by itself to support a finding of substantial similarity."). Instead, an ordinary observer likely would focus on the '642 Patent's helix design for the attachment, which the Accused Product does not have, and the differences between the

5

two in the dimensions of the attachment and handle bodies, button design and configuration, and handle base. Because these are not merely trivial differences, as Dyson contends, the Court finds that Dyson has not established a likelihood of success on the merits.

The Court therefore grants the Moving Defendants' motion to dissolve the preliminary injunction and dissolves the preliminary injunction against the Moving Defendants. *See Reebok*, 32 F.3d at 1556 (denial of preliminary injunction is appropriate if "a party fails to establish either of" likelihood success on the merits or irreparable harm).

## CONCLUSION

For the foregoing reasons, the Court grants the Moving Defendants' motions to dissolve the preliminary injunction [38, 40]. The Court dissolves the preliminary injunction as to Chumer-US and Heshin-US.

Dated: March 12, 2025

SARA L. ELLIS
United States District Judge