IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>AMJ TECHNOLOGY CO.,LTD, et al.,<br><br>        Defendants. | Case No. 24-cv-06170<br><br>**Judge Sara L. Ellis**<br><br>**Magistrate Judge Young B. Kim** |

**ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT'S COUNTERCLAIMS [52]**

Dyson Technology Limited ("Plaintiff/Counter-Defendant"), for its answer to Defendant/Counter-Plaintiff Heshin-US's (Def. No. 50) ("Defendant/Counter-Plaintiff") Counterclaims [52], states as follows:

**JURISDICTION AND VENUE**

1. These are Counterclaims brought by Defendant/Counterclaimant Heshin-US ("Defendant"), against Plaintiff/Counterdefendant Dyson Technology Limited, ("Plaintiff" or "Dyson") for a declaratory judgment that U.S. Patent No. D853,642 ("the '642 Patent") is not infringed, either directly or indirectly by inducement, by Defendant's use, manufacture, sale, and offer for sale of products and technology as identified in the Complaint.

**ANSWER:** Plaintiff/Counter-Defendant admits that Defendant/Counter-Plaintiff is seeking a declaratory judgment that the '642 Patent is not infringed. Plaintiff/Counter-Defendant denies that the '642 Patent is not infringed, either directly or indirectly by inducement, by Defendant/Counter-Plaintiff's use, manufacture, sale, and offer for sale of products and technology.

2. This Court has jurisdiction over these Counterclaims under the federal question jurisdiction of this Court, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367(a), the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, the patent laws, 35 U.S.C. § 1, et seq., and under Rule 13 of the Federal Rules of Civil Procedure, and/or pendant jurisdiction.

**ANSWER:** Admitted.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1400(b), in that this case is an action or patent infringement arising under the patent laws of the United States and pursuant to 28 U.S.C § 1391(b) and (c), a substantial portion of the events giving rise to these Counterclaims occurred in this judicial district, and Plaintiff is subject to personal jurisdiction of this Court having commenced its action in this Court.

**ANSWER:** Admitted.

## THE PARTIES

4. Defendant/Counterclaimant is a Chinese company with principal places of business in Guangdong, China.

**ANSWER:** Plaintiff/Counter-Defendant lacks knowledge or information sufficient to admit or deny this allegation, and, therefore, denies the same.

5. Defendant/Counterclaimant maintains one internet store.

**ANSWER:** Plaintiff/Counter-Defendant lacks knowledge or information sufficient to admit or deny this allegation, and, therefore, denies the same.

6. Upon information and belief, Plaintiff/Counter-defendant is a limited company having its principal place of business at Tetbury Hill, Malmesbury, Wiltshire, United Kingdom, SN16 0RP.

**ANSWER:** Admitted

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## (U.S. PATENT NO. D853,642)

7. Defendant realleges and readopts each and every allegation, set forth in Paragraphs 1 through 6 of these Counterclaims, inclusive, and incorporate them by reference as if fully set forth herein.

**ANSWER:** Plaintiff/Counter-Defendant repeats and incorporates by reference its responses to the allegations set forth in the preceding paragraphs.

8. Defendant's alleged "Unauthorized Products" do not include numerous claimed features of the '642 patent including, but not limited to, a spiral/helix, sliding buttons, or a divided/sectioned handle.

**ANSWER:** Denied.

9. Defendant is entitled to a declaratory judgment that Defendant has not and is not infringing or inducing the infringement of the '642 Patent, either directly or indirectly.

**ANSWER:** Denied.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY
## (U.S. PATENT NO. D853,642)

10. Defendant realleges and readopts each and every allegation, set forth in Paragraphs 1 through 9 of these Counterclaims, inclusive, and incorporate them by reference as if fully set forth herein.

**ANSWER:** Plaintiff/Counter-Defendant repeats and incorporates by reference its responses to the allegations set forth in the preceding paragraphs.

11. The claim of Defendant's '642 Patent is invalid, void, and/or unenforceable for failing to meet the requirements of 35 U.S.C. §§101, 102, 103, and/or 112 (paragraphs 1 and/or 2).

**ANSWER:** Denied.

12. Defendant is entitled to a declaratory judgment that the '642 Patent is invalid and/or unenforceable.

**ANSWER:** Denied.

## UNFAIR COMPETITION

13. Defendant realleges and readopts each and every allegation, set forth in Paragraphs 1 through 12 of these Counterclaims, inclusive, and incorporate them by reference as if fully set forth herein.

**ANSWER:** Plaintiff/Counter-Defendant repeats and incorporates by reference its responses to the allegations set forth in the preceding paragraphs.

14. On information and belief, Plaintiff improperly sought to prevent fair competition by Defendants, including by bringing this baseless action and obtaining the *ex parte* TRO under false pretenses and in bad faith. Plaintiff improperly sought to halt or otherwise damage Defendant's legitimate business operations; freeze Defendant's funds—including those unrelated to the accused products; undermine Defendant's business relationship with Amazon.com; and unfairly secure a dominant settlement negotiation position.

**ANSWER:** Denied.

15. Accordingly, Defendant seeks a judgment declaring that Plaintiff abused the legal process by committing unfair competition and damages sufficient to both compensate Defendant and disincentivize such behavior by Plaintiff and similarly situated patent owners in the future.

**ANSWER:** Plaintiff/Counter-Defendant admits that Defendant/Counter-Plaintiff is seeking a judgment declaring that Plaintiff abused the legal process and damages. Plaintiff/Counter-Defendant denies that it abused the legal process by committing unfair competition and that Defendant/Counter-Plaintiff is entitled to any damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Heshin-US prays for judgment against Plaintiff as follows:

1. That Plaintiff be denied all relief against Defendant.

2. An award of compensatory and punitive damages against Plaintiff and in favor of Defendant;

3. That Defendant be declared not to have infringed the '642 Patent, either directly, contributorily, or indirectly by inducement, literally or under the Doctrine of Equivalents.

4. That Plaintiff's Complaint and each purported cause of action therein be dismissed with prejudice.

5. That the Counterclaims be granted.

6. That Plaintiff take nothing by its Complaint.

7. That Defendant be awarded their costs in this matter.

8. That Defendant be awarded their reasonable attorneys' fees incurred in this matter.

9. That Defendant be granted such other relief as the Court deems just and proper.

**ANSWER**: The paragraphs labelled 1-9 in the Prayer for Relief set forth statements of relief requested by Defendant/Counter-Plaintiff to which no response is required. To the extent that any response is required, Plaintiff/Counter-Defendant denies any allegations asserted in these paragraphs. Plaintiff/Counter-Defendant specifically denies that Defendant/Counter-Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

In further response to Defendant/Counter-Plaintiff's Counterclaims, and as additional defenses thereto, Plaintiff/Counter-Defendant asserts the following affirmative defenses, without admitting any allegations of the Counterclaims not otherwise admitted, and without assuming any burden of proof when such burden would otherwise be on Defendant/Counter-Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Defendant/Counter-Plaintiff's Counterclaim I, and each and every claim for relief set forth therein, fails to state a claim upon which relief can be granted. Defendant/Counter-Plaintiff's claim is vague and fails to provide facts to support its claim that the '642 Patent is not infringed.

### SECOND AFFIRMATIVE DEFENSE

Defendant/Counter-Plaintiff's Counterclaim I, and each and every claim for relief set forth therein, fails to state a claim because the substantive suit would resolve the issues raised by the duplicative declaratory judgment action.

### THIRD AFFIRMATIVE DEFENSE

Defendant/Counter-Plaintiff's Counterclaim II, and each and every claim for relief set forth therein, fails to state a claim upon which relief can be granted. Defendant/Counter-Plaintiff fails to provide any basis under 35 U.S.C. §§101, 102, 103, and/or 112 or facts to support an invalidity claim against the '642 Patent.

### FOURTH AFFIRMATIVE DEFENSE

Defendant/Counter-Plaintiff's Counterclaim II, and each and every claim for relief set forth therein, fails to state a claim because the substantive suit would resolve the issues raised by the duplicative declaratory judgment action.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff's Counterclaim III, and each and every claim for relief set forth therein, fails to state a claim upon which relief can be granted. Defendant/Counter-Plaintiff fails to provide any factual basis to support its claim that Plaintiff/Counter-Defendant abused the legal process and unfairly competed. Defendant/Counter-Plaintiff fails to specify how Plaintiff acted outside normal legal process by filing the Complaint and obtaining a Temporary Restraining Order and Preliminary Injunction.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff's Counterclaim III, and each and every claim for relief set forth therein, fails to state a claim because it is barred by the Noerr-Pennington Doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff has failed to mitigate damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff's Counterclaim I-III, and purported claims for relief alleged therein, fail to allege facts sufficient to allow recovery of damages from Plaintiff/Counter-Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff is barred from relief for Counterclaims I-III by the equitable doctrine of unclean hands stemming from Defendants' multiple acts of patent infringement, trademark infringement and counterfeiting.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Counter-Defendant respectfully requests that this Court enter:

1. Judgment in favor of Plaintiff/Counter-Defendant and against Defendant/Counter-Plaintiff on Defendant/Counter-Plaintiff's Counterclaim I-III;

2. An award to Plaintiff/Counter-Defendant of its costs and expenses incurred in defending Defendant/Counter-Plaintiff's Counterclaim I-III; and

3. An order granting such other relief as this Court may deem just.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Rule 38, Plaintiff/Counter-Defendant demands trial by jury on all issues so triable in the case.

Dated this 26th day of March 2025.       Respectfully submitted,

/s/ Justin R. Gaudio
Lawrence J. Crain
Justin R. Gaudio
Justin T. Joseph
Andrew D. Burnham
Greer, Burns & Crain, Ltd.
200 W. Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
lcrain@gbc.law
jgaudio@gbc.law
jjospeh@gbc.law
aburnham@gbc.law

*Counsel for Plaintiff Dyson Technology Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of Electronic Filing" to the attorneys of record.

/s/ Justin R. Gaudio
Lawrence J. Crain
Justin R. Gaudio
Justin T. Joseph
Andrew D. Burnham
Greer, Burns & Crain, Ltd.
200 W. Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
lcrain@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
aburnham@gbc.law

*Counsel for Plaintiff Dyson Technology Limited*